# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID JAYAKAR, M.D. and BRIAN DECKER, R.N., <br>     Plaintiffs, <br><br> v. <br><br> MUNSTER MEDICAL RESEARCH FOUNDATION, INC., d/b/a THE COMMUNITY HOSPITAL, CARDIOLOGY ASSOCIATES OF NORTHWEST INDIANA, P.C., and ARVIND GANDHI, M.D., <br>     Defendants. | CAUSE NO.: 2:08-CV-350-TLS-PRC |

## OPINION AND ORDER

This matter is before the Court on a Third-Party Motion to Reopen Case to Unseal Docket Entries One Through Thirty-One [DE 75], filed by non-parties Raymond Kammer, Gloria Sargent, and Nancy Gianetta on May 10, 2016. Defendants Cardiology Associates of Northwest Indiana, P.C. (CANI) and Arvind Gandhi, M.D. filed a Response on May 24, 2016. Defendant The Community Hospital filed a Response on May 25, 2016. The movants filed a Reply on June 3, 2016. The Court ordered a Response from the Government, which was filed on June 24, 2016. The movants filed a Reply to the Government's Response on June 27, 2016.

Though styled as a motion to reopen the underlying case, the relief requested does not entail reopening the merits of the case. Rather, the movants ask the Court to unseal documents filed in this case. Consequently, the Court construes the Motion as a Motion to Unseal. Additionally, the movants have withdrawn their request to unseal as to docket entries 7, 8, and 10-27. Thus, the issue left for this Court to resolve is whether docket entries 1-6, 9, and 28-31 should be unsealed.

In the underlying *qui tam* litigation, it was alleged that Defendant Gandhi, with the knowledge and assistance of Defendant Munster Medical Research Foundation, subjected many residents of northwest Indiana to unnecessary heart surgeries and procedures. After the Government intervened in the litigation, the case was settled on other grounds, and the cause of action was dismissed without addressing the alleged unnecessary heart surgeries and procedures and their associated billing.

The movants ask that certain docket entries be unsealed in order for the movants to be able to verify the accuracy of deposition testimony given by Dr. Pastor Llobet and to obtain additional information the defendants had in relation to the allegedly unnecessary heart surgeries and procedures. The movants have filed medical malpractice actions against the defendants named in the instant litigation, regarding those surgeries and procedures. As a part of discovery in the movants' medical malpractice actions, Llobet was deposed. At the deposition, Llobet denied knowledge of wrongdoing by Gandhi and also denied having been a party in the instant litigation. The movants believe Llobet's testimony to be perjured based on testimony from Brian Decker, a relator in the instant cause of action, and a document received in discovery that the movants believe to be one of the initial—and currently sealed—filings in the instant litigation.

The documents at issue are:

- Docket Entry 1: False Claims Act Complaint
- Docket Entry 2: Memorandum of Investigation and Evidence
- Docket Entry 3: Appendix to Memorandum of Investigation and Evidence
- Docket Entry 4: Appearance by Attorney F. Anthony Paganelli
- Docket Entry 5: Motion to Seal False Claims Act Complaint
- Docket Entry 6: Order granting docket entry 5
- Docket Entry 9: Amended False Claims Act Complaint
- Docket Entry 28: P. Ramon Llobet's Notice of Dismissal
- Docket Entry 29: Relators' Motion for Leave to Amend
- Docket Entry 30: Order granting docket entry 29

- Docket Entry 31: Remark that docket entry 30 was sent to counsel

**ANALYSIS**

The Community Hospital, CANI, and Dr. Gandhi oppose the motion to unseal. Combined, the reasons provided for the opposition are: (1) the movants failed to move to intervene under Federal Rule of Civil Procedure 24, and, relatedly, the movants lack standing to intervene, and (2) the documents may reveal confidential patient information, may reflect unfounded accusations, and will not show that Llobet was a relator. The Court will address the issues of intervention and standing before turning to the substantive issue of whether the documents should be unsealed.

**A. Intervention**

Federal Rule of Civil Procedure 24 governs intervention. A motion to intervene must be served on the parties, state the grounds for intervention, and must be accompanied by a pleading that sets out the merits of the intervenor's claims. Fed. R. Civ. P. 24(c).

It is undisputed that the movants did not file a motion under Rule 24 titled as a motion to intervene in the instant litigation. However, the Seventh Circuit Court of Appeals has indicated that a motion need not be labeled as a motion to intervene to be construed as such. *See Bunge Agribusiness Singapore Pte. Ltd. v. Dalian Gualiang Enter. Grp. Co.*, 581 F. App'x 548, 551 (7th Cir. 2014) (construing a "cross-complaint" as a motion to intervene); *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) (We do not advocate a strict interpretation of [Rule 24] in all circumstances . . . but that does not mean that intervenors may totally ignore the rule . . . .").

Here, the movants filed a motion that was served on the parties. This motion identifies what the movants seek and presents their argument for it. While a motion to intervene would have been a more appropriate approach, *see, e.g.*, *Griffith v. Univ. Hosp., LLC*, 249 F.3d 658, 661 (7th Cir.

2001), the Court finds that strict interpretation of Rule 24 is not necessary in this case and construes the motion to unseal as a motion to intervene as permissive intervenors under Rule 24(b).

Precedent from the Seventh Circuit Court of Appeals indicates that Rule 24 permissive intervention is proper when a movant seeks access to court documents. *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings.").

The Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). There will be no undue delay here because the case has already been resolved. Regarding prejudice, CANI and Dr. Gandhi urge the Court to consider *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2014), in which the Seventh Circuit Court of Appeals noted that Rule 24(b)(3) "suggests that intervention postjudgment—which necessarily disturbs the final adjudication of the parties' rights—should generally be disfavored." *Id.* at 1071. However, *Bond* is distinguishable. In *Bond*, the would-be intervenor sought materials disclosed in discovery that were subject to a protective order. The documents sought here have been filed with the Court, not merely exchanged in discovery. Further, the purpose of the intervention here is not to disturb the case's resolution or reopen the case on the merits. *See Goodman v. Tatton Enterprises, Inc.*, No. 10-60624-CIV, 2012 WL 1886529, at *2 (S.D. Fla. May 23, 2012) ("The simple act of unsealing a document does not reopen the merits of closed litigation or affect the terms of settlement."). Consequently, any prejudice to the adjudication of the original parties' rights will be negligible. Having considered the potential for undue delay or prejudice, the Court finds that neither provides a just reason to deny intervention.

Because the underlying litigation is closed, the movants must meet the requirements of standing under Article III of the United States Constitution in addition to the requirements for permissive joinder under Rule 24. *Bond*, 585 F.3d at 1065.

"Article III standing requires an injury-in-fact capable of being redressed by a favorable decision of the court." *Id.* at 1072-73 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61) (1992)). A litigant must have a colorable claim to the right that the litigant asserts has been infringed. *Id.* at 1073.

"It is beyond dispute that most documents filed in court are presumptively open to the public; . . . the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Id.* at 1073 (citing *Jessup*, 227 F.3d at 997). The public's right to access court materials comes from the common law principle of open courts, which has since been codified at 28 U.S.C. § 452. *Id.* Restraints on access to court materials are subject to the First Amendment to the United States Constitution. *Id.* "[T]he general right of public access to judicial records is enough to give members of the public standing to attack a protective order that seals this information from public inspection." *Id.* at 1074 (citing *Jessup*, 227 F.3d at 997-98; *In re Associated Press*, 162 F.3d 503, 506-09 (7th Cir. 1998); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897-98 (7th Cir. 1994)).

The documents to which movants seek access were filed with the Court, albeit under seal pursuant to the False Claims Act and Order of this Court. As the Court will address below, the False Claims Act anticipates the unsealing of complaints and, through its silence, leaves authority with the courts to decide whether to unseal the other documents filed under seal in False Claims Act cases.

CANI and Dr. Gandhi again cite to *Bond* in support of their position that the movants lack standing. However, in that case, the movant sought "access to discovery materials that [had] never been filed with the court and [had] never influenced the outcome of a judicial proceeding." *Id.* Unlike materials filed with a court, material exchanged in discovery but not admitted into the record is not a traditionally public source of information. *See id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

The Community Hospital would have the Court determine that the documents are not judicial records because the "true" litigation of this case did not begin until the Government filed its Notice of Election to Intervene. In support, The Community Hospital reasons that, because courts often analogize to discovery documents in determining whether to unseal *qui tam* filings, these filings should not be considered judicial records for the purpose of determining the movants' standing. *See United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 3d 854, 858 (N.D. Ill. 2006) ("Courts have analogized motions to unseal or retain the seal of FCA documents to discovery matters considered under Rule 26(c) . . . ." (citations omitted)). However, though courts use a similar standard in resolving the merits of motions to unseal these documents, the Court is currently at the stage of determining standing, and the analogy to discovery materials does not apply here. Unlike *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695 (7th Cir. 2014), another case cited in opposition to the motion, the Court has at no time explicitly declined to consider these documents, and in some cases, has explicitly considered them, such as the motions at docket entries 5 and 29, which the Court later granted. The Court finds that the documents that the movants seek to have unsealed, which were filed on the docket, are judicial records.

The Court finds that the movants have standing and grant their request, as construed, to intervene. The Court now turns to the question of whether the documents should be unsealed.

**B. Sealed Documents**

Pursuant to the False Claims Act, the complaint in a *qui tam* action must be filed under seal. 31 U.S.C. § 3730(b)(2). The purpose of initially sealing *qui tam* suits is to allow the government to study and evaluate, out of public view, the relator's information for the purpose of possible intervention or overlapping criminal investigation. *Yannacopolous*, 457 F. Supp. 2d at 857 (citing *United States ex rel. Bagley v. TRW Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003)). Although the False Claims Act specifically provides for the unsealing of the complaint after intervention, it does not consider whether other materials filed in the case should be unsealed. *Id.* at 858. Because the False Claims Act does not address these other documents, courts retain the authority to determine whether the documents should be unsealed. *Id.* at 859.

In deciding whether to unseal the documents, the Court will balance the need for the information in the documents with the risk of harm due to that information's disclosure, and, if the risk outweighs the need, the documents will be maintained under seal. *Id.* at 858; *see also United States ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004) (collecting cases that resolved decisions whether to maintain the seal on *qui tam* filings "based on a pragmatic balancing of the need for and harm risked by, [*sic*] disclosures sought").

When deciding whether to unseal documents filed in a *qui tam* action, courts have considered unsealing improper "if unsealing would disclose confidential investigative techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties." *Yannacopolous*, F. Supp. 2d at 858. It may also be proper to redact documents to protect sensitive information. *Id.*

7

The Government partially objected to the motion to unseal on the grounds that certain documents would reveal confidential investigative techniques. The movants have withdrawn the motion to unseal as to those documents. The investigation in this case is complete, and there is no indication that an ongoing investigation would be jeopardized if the Court lifts the seal on the documents still at issue. The Court must consider injury to non-parties in making its decision, especially regarding patient information protected under HIPAA.

The Court will also consider the objections raised in opposition to the instant motion. The opponents argue that the motion should be denied because the documents in question contain unfounded accusations, because disclosure would violate HIPAA, and because they will not show that Llobet was a relator.

The Seventh Circuit Court of Appeals recognizes and gives considerable weight to the public's interest in keeping court records publicly available. The public's interest is tied to both interest in the subject matter of the litigation and the ability to monitor judicial performance. *Jessup*, 277 F.3d at 928.

The following documents contain no accusations not already openly filed on the docket, contain no confidential patient information, and indicate that Llobet was a relator.

- Docket Entry 4: Appearance by Attorney F. Anthony Paganelli
- Docket Entry 5: Motion to Seal False Claims Act Complaint
- Docket Entry 6: Order granting docket entry 5
- Docket Entry 28: P. Ramon Llobet's Notice of Dismissal
- Docket Entry 29: Relators' Motion for Leave to Amend
- Docket Entry 30: Order granting docket entry 29

Accordingly, the risk of harm as argued by the opponents is minimal. The injury to non-parties is limited. Further, any injury to Llobet is outweighed by the movants' need for these documents in

order to impeach his testimony in the movants' malpractice litigation. As a result, the Court grants the motion as to these documents.

Docket entries 1 and 9 are the Complaint and Amended Complaint. After comparison of these documents with the Second Amended Complaint, the Court finds that the only information contained in either of the first two versions of the complaint that is not included in the Second Amended Complaint is information about Llobet. This information contains no accusations against Defendants and contain no confidential patient information. Potential non-party injury is once again limited and outweighed by the interests of the movants and the public. Because the need outweighs the risk of harm, the Court grants the motion to unseal these documents.

Docket entry 31 is a court only remark that the order at docket entry 30 was sent to counsel. None of the arguments in opposition to the instant motion provide reason to maintain this document under seal, so the Court will grant the motion as to this docket entry. However by nature of this docket entry being a court only remark, it may not be visible from the public docket even when unsealed.

Docket entries 2 and 3 are a Memorandum of Investigation and Evidence and an Appendix to the Memorandum, respectively. These documents were filed by the relators, including Llobet. The Government does not argue that these documents contain confidential investigative techniques. Because this cause of action has closed, there is no harm to consider regarding ongoing investigation of this case. However, docket entries 2 and 3 contain patient information protected under HIPAA, though the movants are willing to pay to have a third party redact patient identifying material from the docket entries before the entries are unsealed. Further, there are accusations against Defendants in docket entry 2 which Defendants have had no opportunity to respond to. The harm risked by

9

disclosure of these documents is higher than the risk of harm for the documents previously discussed.

Additionally, the benefit to the movants if the documents were unsealed is lower. The movants attached four pages of the document filed at docket entry 2 as an attachment to the instant motion. It is not clear whether movants have received a full copy of both documents. The public interest in these documents remains the same. However, given that these documents were filed by the relators, the movants know who these relators are, and the movants have been at least partially successful in obtaining these documents through discovery, the Court finds that the risk of harm to Defendants and to non-parties in unsealing these documents outweighs the benefit that the public and the movants would receive if the documents were unsealed. Therefore, the Court denies the request to unseal docket entries 2 and 3.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Third-Party Motion to Reopen Case to Unseal Docket Entries One Through Thirty-One [DE 75]. The Court **ORDERS** that Raymond Kammer, Gloria Sargent, and Nancy Gianetta are intervenors in this cause of action and **DIRECTS** the Clerk of Court to **UNSEAL** docket entries 1, 4, 5, 6, 9, 28, 29, 30, and 31 and to **MAINTAIN UNDER SEAL** docket entries 2 and 3.

SO ORDERED this 6th day of September, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT