# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel, DAVID JAYAKAR, M.D. and BRIAN DECKER, R.N., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO.: 2:08-CV-350-TLS<br>) |
| MUNSTER MEDICAL RESEARCH FOUNDATION, INC., d/b/a THE COMMUNITY HOSPITAL, CARDIOLOGY ASSOCIATES OF NORTHWEST INDIANA, P.C., and ARVIND GANDHI, M.D., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Raymond Kammer's, Gloria Sargent's, and Nancy Gainetta's (collectively the "Petitioners") objections to the September 6, 2016, Opinion and Order [ECF No. 91], issued by Magistrate Judge Paul R. Cherry. In that Order, the Magistrate Judge construed the Petitioners' Motion to Reopen Case to Unseal Docket Entries One Through Thirty-One [ECF No. 75], as a motion to unseal, and only resolved the question of whether docket entries 1–6, 9, and 28–31 should be unsealed, because the Petitioners withdrew their request to unseal docket entries 7, 8, and 10–27. The Magistrate Judge directed the Clerk of Court to unseal docket entries 1, 4, 5, 6, 9, 28, 29, 30, 31, and to maintain under seal docket entries 2 and 3. The Petitioners object to docket entries 2 and 3 remaining sealed.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a magistrate judge's order pertaining to a non-dispositive pretrial matter within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "The district judge in the case must

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) (providing for reconsideration by district court judge of any pretrial matter designated to a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Rule 72(a) grants magistrate judges great latitude in resolving non-dispositive matters, like the one at issue here. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard," *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1351 (D. Wyo. 2007), or if it "misapplie[d] relevant statutes, case law, or rules of procedure," *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

The Magistrate Judge's September 6, 2017, Opinion and Order correctly applied the standard for unsealing documents.[1] The Magistrate Judge maintained Docket Entries 2 and 3 under seal because they contain patient information protected under HIPAA and because the

---

[1] In his Opinion and Order, the Magistrate Judge applied the following standard:

> In deciding whether to unseal the documents, the Court will balance the need for the information in the documents with the risk of harm due to that information's disclosure, and, if the risk outweighs the need, the documents will be maintained under seal. . . . When deciding whether to unseal documents filed in a *qui tam* action, courts have considered unsealing improper "if unsealing would disclose confidential investigative techniques, reveal information that would jeopardize an ongoing investigation, or injure non-parties. . . ." It may also be proper to redact documents to protect sensitive information.

(Op. & Order 7; ECF No. 91.)

Defendants in this case would not have the opportunity to defend the accusations in Docket Entry 2. The Magistrate Judge also noted that the Petitioners demonstrated through their attached exhibits that they already had knowledge of the identities of the relators at issue in the sealed documents. The Magistrate Judge found that the risk of harm to the Defendants and to the non-parties in unsealing the documents outweighed the benefit that the public and the Petitioners would receive if the documents were unsealed. Although the Petitioners are willing to pay to have a third party redact patient identifying material from the docket entries before the entries are unsealed, the Magistrate Judge found that the harm risked by disclosure of these documents was high.

The Petitioners do not agree with the outcome, but this Court does not find the Opinion and Order clearly erroneous or contrary to law. The Petitioners argue that the Magistrate Judge did not explain his concern for the confidentiality of non-party patient information. The Petitioners argue that the Magistrate Judge failed to explain why their offer to pay for a third party to redact identifying information of the non-party patients does not obviate this concern. The Petitioners also argue that the Magistrate Judge failed to support with citations to law his conclusion that "there are accusations against Defendants in [D]ocket [E]ntry 2 which Defendants have had no opportunity to respond to." On this point, the Petitioners contend that because the Defendants have not responded, it is difficult to imagine allegations more serious than those alleged in this suit. The Petitioners also distinguish "evidence" from "allegations," in that to the extent [D]ocket [E]ntries 2 and 3 contain evidence, it should be allowed to speak for itself. Furthermore, the Petitioners argue that the Magistrate Judge indicated that Docket Entry 3 does not contain allegations. As for the public interest, the Petitioners argue that the public has an obvious interest in knowing whether health providers have engaged in unnecessary heart
3

surgeries, and the interest of the public in court-filed evidence trumps the concern that the Defendants will not have an opportunity to respond. Lastly, the Petitioners assert that the Magistrate Judge is incorrect in his contention that they have the ability to obtain such material from other sources, in particular a state court proceeding in which their motion for a subpoena of the Defendant's law firm was denied.

First, though the Magistrate Judge's explanation that the patients' confidential information under HIPPAA law outweighs the Petitioners' interest in unsealing the documents was brief, it was nonetheless sufficient. HIPPAA protection is the reason and explanation the Magistrate Judge gave for maintaining the documents under seal. It is not a conclusion that requires reasoning and explaining as the Petitioners argue. This same rationale applies to the Magistrate's finding that the Petitioners' proffered remedy of a third party redactor is insufficient. Again, while brief, the Magistrate's finding that the Petitioners' remedy is insufficient is a reason supporting the conclusion that Docket Entries 2 and 3 remain under seal.

Second, the Defendants' interest in having an opportunity to respond to accusations not previously addressed in this now closed matter is a valid protected interest for maintaining documents under seal in the underlying *qui tam* matter. The documents that the Petitioners seek were filed pursuant to the False Claims Act. As the Magistrate Judge previously stated in his Opinion and Order, the False Claims Act anticipates the unsealing of complaints and, through its silence, leaves authority with the courts to decide whether to unseal the other documents filed under seal in False Claims Act cases. Among considerations in the inquiry, a court may consider the defendant's interest in maintaining accusations under seal. *See U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–99 (2d Cir. 1995).

> A[n] objective [of the filing under seal requirement is] to prevent
> defendants from having to answer complaints without knowing

>whether the government or relators would pursue the litigation. . . . [A] defendant's reputation is protected to some degree when a meritless *qui tam* action is filed, because the public will know that the government had an opportunity to review the claims but elected not to pursue them. In addition, when a potentially meritorious complaint is filed, a defendant may be willing to reach a speedy and valuable settlement with the government in order to avoid the unsealing.

*Id.* Here, a settlement was reached on December 19, 2011. The Defendants in this case were never required to respond to the Petitioners' claims and reached a settlement on grounds other than what the Petitioners are pursuing in their malpractice suits. This was a valid consideration for the Magistrate Judge.

The Petitioners' assert that unsealing Docket Entries 2 and 3 is the only vehicle available to them to gain the information they seek. But that does not now change the analysis of whether the Magistrate Judge's Opinion and Order was in clear error. The Magistrate Judge came to the conclusion after balancing the public interest the Petitioners now assert in obtaining these documents with the considerations discussed above. The Magistrate Judge did not commit clear error in his ruling to maintain Docket Entries 2 and 3 under Seal.

## CONCLUSION

For the reasons stated above, the Court OVERRULES Objections to the September 6, 2016, Order [ECF No. 91]. The Court INSTRUCTS the Clerk of Court to close this case.

SO ORDERED on June 14, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT